*Lastra v. Barnes & Noble Bookstore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges*,
> EDGARDO RAMOS,[*]
> *District Judge.*

_____

JAMES LASTRA,

> *Plaintiff-Appellant*,

v.                                                          12-757-cv

BARNES AND NOBLE BOOKSTORE, *et al.*,

> *Defendants-Appellees*,

DWIGHT STERLING, Individually and as an Agent, Servant and Employee of Barnes and Noble,

> *Defendant*.

_____

---

[*]Judge Edgardo Ramos, United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          James Lastra, *pro se*, Bronx, New York.

FOR APPELLEES:          Peter James Johnson, Jr., Leahey & Johnson, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the district court is **AFFIRMED**.

Appellant James Lastra appeals from the district court's January 3, 2012 opinion and January 4, 2012 judgment dismissing his civil rights complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's decision to grant a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted).

As a preliminary matter, to the extent Lastra argues on appeal that there were genuine issues of material fact and that the defendants failed to provide him with a Southern District Local Rule 56.1 statement, his arguments fail because the relevant motion before the district court was a motion to dismiss pursuant to Rule 12(b)(6), not one for summary judgment.  Indeed, Lastra was provided notice, as a *pro se* plaintiff, of the consequences of a motion to dismiss.  To the extent his arguments can be liberally construed as claiming that the district court improperly considered matters outside of the complaint, thereby converting the motion to dismiss into one for summary judgment, Lastra is incorrect.  While the district court did take judicial notice of an affidavit filed in a related state court litigation, the district court's review of the affidavit was not necessary to its legal analysis, which found that Lastra's complaint had failed, on its face, to allege facts that gave rise to a meritorious claim.

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Lastra's civil rights complaint for failure to state a claim for substantially the reasons articulated by the district court judge in his well-reasoned opinion.  To the extent Lastra claims on appeal that he never received a preliminary conference and that he should have been allowed to conduct discovery, these claims are moot in light of our view that the judgment should be affirmed because Lastra's complaint was properly dismissed for failure to state a claim.

With respect to Lastra's § 1981 claim, even if his allegation that the use of a racial slur against him was sufficient to demonstrate discriminatory intent, the district court properly found that Lastra's complaint did not allege, or suggest, that the defendants interfered with his ability to engage in any of the protected activities listed in § 1981.  *See* 42 U.S.C. § 1981.  While § 1981 protects the right to "make and enforce contracts," *id.* § 1981(a), Lastra's complaint made clear that his claims

3

did not arise from an interference with his ability to purchase anything at the Barnes and Noble store, but instead arose out of a dispute regarding the use of his cell phone while inside the store.

Although a district court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), leave to amend is not necessary when it would be futile, *see id.* (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, the district court properly found that granting leave to amend would be futile because there was nothing in Lastra's complaint to suggest that he had a potentially meritorious claim that was either inadequately or inartfully pleaded.

We have considered Lastra's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4